WILLIAM HALL, *Complain't, versus* NATHAN DECKER *& al.*

Exceptions to the report of referees are not sustainable, if objections, in writing, are not filed as required by the 21st Rule of Court.

Where an action is referred by rule of court, without any condition or limitation, the authority of the Court is transferred to the referees, and they are made the judges of the law and the fact; and, if there is no suggestion of improper motives, on their part, their doings will not be inquired into by the Court.

EXCEPTIONS from the ruling of WALTON, J., in overruling the respondents' objections to the acceptance of the report of the referees and directing the same to be accepted.

This was a complaint under the statute for flowage of land, and was referred by rule of Court. The referees reported that this complaint was barred by a judgment of a former Court, obtained by the complainant against the respondents.

*Holden & Peabody*, for the complainant.

*J. J. Perry*, for the respondents.

The opinion of the Court was drawn up by

DANFORTH, J.,—By the 21st Rule of this Court, all objections to any report, offered to the Court for acceptance, shall be made in writing, and filed with the clerk, and no others will be considered. In the case at bar, no such objections appear to have been made, and, by the authority of *Mayberry* v. *Morse*, 43 Maine, 176, there is no ground for exceptions.

Neither is it perceived that there is any cause for excep-

tions if the objections had been properly set out in writing. It is claimed in plaintiff's argument that the referees exceeded their jurisdiction. By the rule of Court, the complaint appears to have been referred without any conditions or limitations. This transferred all the authority of the Court to the referees,—and, if they found any valid defence to the complaint, they not only had the right but it was their duty to say so. In their report they have said so. As they were the judges of the law as well as the fact, the Court cannot inquire into their doings, no suggestion having been made that they were actuated by any improper motives.

*Exceptions overruled.*

APPLETON, C. J., DAVIS, KENT, WALTON and DICKERSON, JJ., concurred.